IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY D. DAVIS, SR.,

    Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security; KIM BROACH, Field Office
Director for the Social Security
Administration,

    Defendant.

CIVIL ACTION NO.

1:16-CV-04246-WSD-CMS

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the unopposed Motion to Dismiss Plaintiff Larry D. Davis, Sr.'s ("Plaintiff") Complaint filed by Defendant Acting Commissioner of Social Security (the "Commissioner") pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. 14]. For the reasons discussed below, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and replaces former Acting Commissioner Carolyn Colvin as the Defendant in this action. See Fed. R. Civ. P. 25(d).

## I. FACTS ALLEGED IN THE COMPLAINT[2]

On November 15, 2016, Plaintiff initiated this lawsuit by filing a pro se Complaint against Carolyn Colvin, the Acting Commissioner of Social Security, and Kim Broach, Field Office Director for the Social Security Administration in Marietta, Georgia, alleging that the Social Security Administration ("SSA") incorrectly determined Plaintiff's Social Security benefits award and owed him back payments. [Doc. 3 ("Compl.")].

In November 2013, Plaintiff applied for Disability Insurance Benefits ("DIB"), Retirement Insurance Benefits ("RIB"), and Supplemental Security Income ("SSI") with the SSA. [Compl. ¶ 5; Declaration of Patricia Jean MacInnis ("MacInnis Decl.")[3] ¶ 3]. In a letter dated November 19, 2013, the SSA notified Plaintiff that he did not qualify for DIB. [Compl. ¶ 8, Ex. A; MacInnis Decl. ¶ 4].

---

[2] This fact statement is taken from the facts alleged in Plaintiff's Complaint [Doc. 3], which are accepted as true for purposes of resolving Defendant's Motion to Dismiss [Doc. 14].

[3] The Declaration of Patricia Jean MacInnis is attached to Defendant's Motion to Dismiss. [Doc. 14-2]. Ms. MacInnis is a Lead Specialist on the SSI Program Team in the SSA's Center for Disability and Programs Support for the Atlanta Region. [MacInnis Decl. ¶ 1]. Ms. MacInnis states that she is familiar with Plaintiff's case based on the records maintained by the SSA in the regular course of its business. [Id. at ¶ 2]. Because Defendant's Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may consider "'matters outside the pleadings'" in ruling on the Motion. See Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citation omitted); accord Wallace v. Holder, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012).

Plaintiff alleges that after receiving this notification, he filed a written request for an appeal, made several phone calls, and faxed complaint letters to the SSA, but that the SSA never responded. [Compl. ¶¶ 9-11, Exs. B & C].

In December 2013, Plaintiff's RIB application was granted, and Plaintiff became entitled to RIB as of February 2014. [MacInnis Decl. ¶ 5].

In February 2014, Plaintiff's SSI application was denied because Plaintiff was found not to be disabled. [MacInnis Decl. ¶ 6]. In April 2015, Plaintiff reapplied for SSI benefits. [Id. at ¶ 7]. In a letter dated May 27, 2015, the SSA notified Plaintiff that his second application for SSI benefits had been approved, and he became entitled to SSI as of May 2015. [Compl. ¶ 14, Ex. F; MacInnis Decl. ¶ 8]. Plaintiff contends that because he disagreed with the benefit start date, the benefit amount, and the type of benefit received, he faxed two letters to Ms. Broach contesting the award and arguing that he should be retroactively awarded benefits from April 2013. [Compl. ¶ 15].

In November 2015, Plaintiff's first application for SSI was reopened, and Plaintiff was found to be disabled as of November 2013. [MacInnis Decl. ¶ 9]. Accordingly, the denial of his first SSI application was reversed. [Id.]. To calculate the amount of the back pay owed, the SSA required certain information

3

from Plaintiff. [Id. at ¶ 10]. The SSA obtained the information it needed in January 2017. [Id. at ¶ 11].

In November 2016, Plaintiff initiated this action alleging, among other things, that he was owed $13,548.50. [Compl. ¶ 3].

In a notice dated February 7, 2017, the SSA informed Plaintiff that based on the reversal of his first SSI application, he was entitled to SSI back payments in the amount of $5,944.68. [MacInnis Decl. ¶ 12, Ex. A]. The SSA also informed Plaintiff that if he disagreed with the calculation of back payments, he could appeal the SSA's determination. [MacInnis Decl. ¶ 13, Ex. A]. Plaintiff was further informed that he had sixty days to file an appeal in writing, and the notice outlined what actions Plaintiff needed to take to file an appeal. [Id.].

On March 20, 2017, Defendant filed the Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with respect to the SSA's determination regarding his SSI application. [Doc. 14]. Defendant also argues that the claims against Ms. Broach should be dismissed because she is not a proper defendant in this action. Plaintiff did not file a response to the Motion, and the Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

Dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks statutory or constitutional authority to adjudicate a case. The party invoking jurisdiction bears the burden of producing necessary facts to establish subject matter jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Subject matter can be challenged facially or factually. See Morrison v. Amway Corp., 323 F.3d 920, 924-25 n.5 (11th Cir. 2003); Tenet Healthsystem GB, Inc. v. Care Improvement Plus S. Cent Ins. Co., 162 F. Supp. 3d 1307, 1309-10 (N.D. Ga. 2016). While facial attacks require the court to see whether a plaintiff's complaint sufficiently alleges a basis for subject matter jurisdiction and the court accepts all factual allegations as true, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Defendant is making a factual attack to challenge subject matter jurisdiction, offering extrinsic evidence in the form of a declaration and an exhibit as the basis for the Motion to Dismiss.

## III. DISCUSSION

### A. Plaintiff Has Not Exhausted His Administrative Remedies

Defendant contends that this Court does not have jurisdiction over Plaintiff's claims because Plaintiff failed to show that he exhausted his administrative remedies. Subject matter jurisdiction for judicial review of claims arising under the Social Security Act (the "Act") is provided for, and limited by, 42 U.S.C. §§ 405(g) and (h) and 42 U.S.C. § 1383(c)(1). Under the Act, a court may review only a "final decision of the Commissioner of Social Security made after a hearing[,]" and section 405(h) specifically bars judicial review except as otherwise provided in the Act. See Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curium) ("judicial review exists only over the 'final decision of the Commissioner of Social Security.'"); accord 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner . . . shall be subject to judicial review as provided in section 405(g)[.]").

The term "final decision" is not defined in the statutes, but the regulations require that a Social Security claimant must complete each step in a four-step administrative review process before seeking judicial review. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1263-64 (11th Cir. 2007) (citations omitted). The administrative review process includes: (1) the initial determination;

(2) a request for reconsideration (informal appeal); (3) a hearing before an Administrative Law Judge; and (4) Appeals Council review. See 20 C.F.R. § 405.1(b). Thus, until a claimant exhausts each step of the administrative review process, a court lacks subject matter jurisdiction to hear the claimant's appeal. See Mantz v. Soc. Sec. Admin., 486 F. App'x 845, 846 (11th Cir. 2012). If a claimant does not exhaust these procedures, the claimant may still obtain judicial review if he raises a constitutional claim. See Califano v. Sanders, 430 U.S. 104, 109 (1977). Moreover, the Commissioner may waive the exhaustion requirement when deemed futile, and in "certain special cases" a court may deem it inappropriate to defer to the Commissioner's discretion and may exercise jurisdiction despite a lack of exhaustion. See Heckler v. Ringer, 466 U.S. 602, 617-28 (1984) (citing Matthews v. Eldridge, 424 U.S. 319, 330-332 (1976)).

Here, judicial review is not available because Plaintiff did not complete the administrative review process and has not demonstrated that he received a final decision from the Commissioner. In this case, the SSA rendered an initial determination that it owed Plaintiff SSI back payments, and it advised Plaintiff of his right to appeal the initial determination in its notice dated February 7, 2017. [Doc. 14-3]. The notice specifically outlined Plaintiff's options for appealing the initial determination and set forth the steps for filing a written appeal. [Id.]. There

is no evidence before the Court that Plaintiff requested reconsideration of the SSA's initial determination through the process outlined in the notice; as such, Plaintiff has not proceeded beyond the first step of the four-step administrative review process. In addition, Plaintiff has not raised a constitutional claim or otherwise established that the exhaustion requirement may be waived. See Mantz, 486 F. App'x at 846 ("Because Mantz failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal.").

While Plaintiff alleges in his Complaint that he sent two letters to Ms. Broach contesting the SSA's initial determination [Compl. ¶ 15], Plaintiff does not allege that he followed the proper procedure for filing an appeal (as provided in the SSA's correspondence to him). Because there is no evidence demonstrating that there has been any final decision issued by the Commissioner in this matter, I find that Plaintiff has not exhausted his administrative remedies. As such, the Court does not have jurisdiction over Plaintiff's claims against the Commissioner in this action. See Mantz, 486 F. App'x at 846 (holding that the court lacked jurisdiction to consider complaint where Social Security claimant failed to exhaust her administrative remedies); Crayton v. Callahan, 120 F.3d 1217, 1222 (11th Cir. 1997) (holding that Social Security claimants must first exhaust their

administrative remedies before the federal court would have jurisdiction to review the agency decision).

## B. <u>Kim Broach Is Not a Proper Defendant</u>

Defendant argues that Plaintiff's claim against Ms. Broach must also be dismissed because the Act authorizes suits against the Commissioner only; thus, Ms. Broach, the District Manager of the SSA's District Office in Marietta, Georgia, is not a proper party defendant. [Doc. 14-1 at 14]. I agree. As set forth in the regulations:

> Where any civil action [seeking judicial review of a final decision of the Commissioner] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.
>
> . . .
>
> If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.

20 C.F.R. § 422.210(d). The Act indicates that the Commissioner is the answering party in a civil action challenging a decision of the Commissioner, and it does not authorize any other federal official as a proper party defendant in an appeal of a claim for benefits. <u>See</u> 42 U.S.C. § 405(g). Here, Ms. Broach is named as a defendant in her capacity as the District Manager in one of the SSA's field offices.

9

[Compl. ¶ 2]. Ms. Broach is not the Commissioner. Plaintiff alleges facts that indicate only that Ms. Broach was operating in her capacity as District Manager. [Compl. ¶ 15]. Therefore, there is no federal subject matter jurisdiction over the claims asserted against Ms. Broach in this action.

## IV. <u>CONCLUSION</u>

For the reasons stated, I **RECOMMEND** that Defendant's Motion to Dismiss [Doc. 14] be **GRANTED** and this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust his administrative remedies. <u>See</u> <u>Crayton</u>, 120 F.3d at 1222 (dismissing plaintiffs' claims "without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate").

**SO REPORTED AND RECOMMENDED**, this 16th day of August, 2017.

_____
Catherine M. Salinas
United States Magistrate Judge