IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY D. DAVIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security; KIM BROACH, Field Office Director of the Social Security Administration, <br><br> Defendant. | 1:16-cv-4246-WSD-CMS |

# **OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [15] ("Final R&R) on Defendant Acting Commissioner of Social Security's (the "Commissioner") Motion to Dismiss the Complaint [14].

---

[1]  Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017, and replaces former Acting Commissioner Carolyn Colvin as the Defendant in this action.  See Fed. R. Civ. P. 25(d).

## I. BACKGROUND

### A. Procedural History

On November 21, 2016, Plaintiff filed his *pro se* Complaint [3] against Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration, and Kim Broach, Field Officer Director for the Social Security Administration. The Plaintiff alleged that the Social Security Administration ("SSA") incorrectly determined Plaintiff's Social Security benefits award and owed him back payments totaling approximately $13,000. (Compl. at 3).

On March 20, 2017, Defendant filed the Motion to Dismiss [14], arguing Plaintiff's Complaint lacked subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with respect to the SSA's determination of his Supplemental Security Income application. Defendant also argues the claims against Defendant Broach should be dismissed because she is not a proper defendant in this action. Plaintiff did not oppose the motion.

On August 16, 2017, Magistrate Judge Salinas issued her Final R&R recommending that Defendant's Motion to Dismiss for lack of subject matter jurisdiction be granted because Plaintiff failed to exhaust his administrative remedies. No objections to the Final R&R were filed.

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's Final R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Because no objections to the Final R&R have been filed, the Court reviews the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. Subject Matter Jurisdiction

The Magistrate Judge found that Plaintiff did not complete the administrative review process and has not demonstrated that he received a final decision from the Commissioner. ([15] at 7). The SSA made an initial determination that it owed SSI back payments to Plaintiff, and advised Plaintiff of his right to appeal that determination. (Id.). In its notice, the SSA specifically provided Plaintiff with options for appealing and outlined steps for filing a written appeal. (Id.).

Subject-matter jurisdiction for judicial review of claims under the Social Security Act is limited by 42 U.S.C. §§ 405(g) and (h) and 42 U.S.C. § 1382(c)(1).

A court may review only a "final decision of the Commissioner of Social Security" made after a hearing. See Cash v. Barnhart, 327 F.3d 1252, 1255, n.5 (11th Cir. 2003). Section 405(g) of the Act bars judicial review except as provided in the Act. Id. The regulations promulgated under the Act require a Social Security claimant to complete each of the four steps in the administrative review process before the claimant may seek judicial review. See Ingram v. Commissioner of Social Sec. Admin., 496 F.3d 1253, 1263-64 (11th Cir. 2007).[2]

Here, there is no evidence in the record that the Plaintiff requested reconsideration of the SSA's initial determination through the process dictated in the notice or otherwise requested a hearing before an administrative law judge.[3] (Id.). The Court thus finds no plain error in the Magistrate Judge's recommendation that Plaintiff's failure to complete the administrative review process deprives the Court of subject matter jurisdiction over his claims, and this action is required to be dismissed.[4]

---

[2] There is an exception to the exhaustion requirement in cases of constitutional claims that does not apply here. Califano v. Sanders, 430 U.S. 99, 104 (1977).

[3] The Magistrate Judge found that while Plaintiff alleged in his Complaint that he wrote two letters to Defendant Broach contesting the SSA's initial determination, Plaintiff failed to allege that he followed the proper procedure for filing an appeal. The Court finds no plain error in the Magistrate Judge's finding.

[4] The Magistrate Judge held that there is no federal subject matter jurisdiction over the claims asserted against Defendant Broach in the action because the Social

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [15] is **ADOPTED**.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and this case is dismissed without prejudice as against the Commissioner and Defendant Broach.

**SO ORDERED** this 22nd day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Security Act indicates the Commissioner is the answering party in a civil action challenging a decision of the Commissioner, and it does not authorize any other federal official as a proper party defendant in an appeal of a claim for benefits. ([15] at 9; see 42 U.S.C. § 405(g)). The Court finds no plain error in this holding.